# Tackett v. Tackett.

May 21, 1946.

Astor Hogg for appellant.

J. B. Carter for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an action for divorce filed by Mae Tackett, who will be referred to herein as the plaintiff. She is twenty-three years of age and her husband, Victor Tackett, who will be referred to herein as the defendant, is twenty-seven. They were married November 24, 1939, at Paintsville, Kentucky, and have one child, Jane Lee, three years of age. After their marriage the parties lived at Pikeville, Kentucky, for about five years, later

moving to Ashland, Kentucky, and Dayton, Ohio, but afterwards returning to Pikeville where they were living at the time of their separation on October 13, 1945. The grounds for divorce set up in plaintiff's petition were: (1) Cruel and inhuman treatment. (2) Drunkenness coupled with a wasting of defendant's estate. The defendant filed an answer denying the allegations of the petition, and a counterclaim asking for divorce on the grounds of: (1) Cruel and inhuman treatment. (2) Lewd and lascivious conduct. A reply denied these allegations, thus making up the issues.

Upon submission of the case the lower court granted the plaintiff an absolute divorce, custody of the infant child, and $50 per month for alimony and maintenance of the child. The court also ordered the defendant to pay an attorney fee of $50 and the cost of the action. Defendant appeals.

The defendant had not been employed for some two or three months prior to the institution of the action, and at the time he gave his deposition he said that he had a sprained ankle which made it impossible for him to work. He also said that he had tried to obtain employment but had not been successful. Prior to that, however, he had worked for the Republic Steel Company and the Savin Construction Company, and his average earnings were approximately $120 per month. Prior to the separation the plaintiff had been working at the Postoffice in Pikeville and had earned approximately $130 per month. The defendant's father is Postmaster at Pikeville.

The plaintiff has a high school education and is trained to do clerical work. The extent of the defendant's education does not appear, but is apparently poor.

The plaintiff and the witnesses testifying for her show that the defendant would get drunk every two or three weeks and that while drunk he would strike the plaintiff and curse her. The plaintiff testified that he would not pay the household expenses and she was forced to pay the rent, grocery bill and for other necessities, although she admits that the defendant at times contributed to the support of the home. It is apparent that the parties engaged in numerous fights and often cursed each other. The witnesses recalled several occasions when the defendant had struck the plaintiff, and

witnesses for the defendant testified that the plaintiff had a violent temper which she was unable to control. Plaintiff admits that when the fights occurred she would take up for herself.

The defendant testified that on one occasion his wife took a 22 rifle and told him she was going to kill him, and that he was forced to take the gun away from her in order to protect himself. Defendant admits having drunk some liquor but denies having drunk to excess or that he had been drunk in the last two years. He admits that his wife paid part of the living expenses. He admits striking his wife on the occasions testified about by plaintiff's witnesses, but says that he struck her in a playful mood and did not intend to injure her and did not believe that he did.

On the night of October 12th, which was the day before the separation, the defendant had been to a roadhouse, or restaurant in or near Pikeville and had had several bottles of beer. When he came home about 9:30 p. m. a fight occurred, resulting in the plaintiff taking the child and spending the night at the home of the parents of the defendant. She came back to their apartment the following night and apparently no fights were engaged in on that occasion. The following night two friends stopped by, bringing some whiskey which they drank, staying up until 4:30 a. m., at which time the defendant and his friend went squirrel hunting. That day the plaintiff left their home and went to her parents' home in Harlan. Three days later she filed this action. Defendant claims that he did not know that his wife intended to bring the action for divorce until the summons was served on him. He said that he had talked to his wife on the telephone on the day the suit was filed and she told him she wished to stay in Harlan because of an impending operation on her sister, and that she would be home in about a week or sooner.

Without detailing the testimony of the various witnesses we think it is sufficient to say that all the evidence indicates that the parties engaged in numerous quarrels and fights, and while the plaintiff did her share of the fighting it seems that she had sufficient provocation. This is borne out by a question asked the defendant on cross examination, which was: "Now isn't it true, Mr. Tackett, the only thing she ever quarreled at you about was your drinking and running around with women and

staying out late at night and not providing for her and the baby, is there anything else you can think of she ever quarreled about, Mr. Tackett?" Answer: "No, that just about covers everything."

We feel that the evidence supports the charge of cruelty on the part of the defendant and is sufficient to justify the judgment of an absolute divorce.

As to the defendant's charge of lewd and lascivious conduct on the part of the plaintiff, we find from the record that the only evidence introduced in support thereof is the testimony of the defendant's mother and two other witnesses concerning some love letters which were found at the residence of defendant's parents. One letter was retained by the mother of the defendant and is filed as an exhibit to her deposition. It would serve no useful purpose to quote the letter here, it being sufficient to say that it was undoubtedly a love letter and that the plaintiff used endearing terms in writing to a sergeant in the U. S. Army stationed in Oklahoma. Other witnesses testify to reading other letters written by the plaintiff to this soldier and describe them as love letters.

In explanation of these letters the plaintiff testified that she had never met the soldier to whom the letters were addressed, but she knew his name and address because at one time he had had some dates with her sister. She said that she had written these letters and left them where she knew that either the defendant or his mother would find them solely for the purpose of making the defendant jealous, and that she did this because the defendant was having an affair with another woman at the time. However, in spite of these letters none of the witnesses attempted to say that the plaintiff was anything but a virtuous woman.

Defendant argues that the Harlan Circuit Court did not have venue of the action because the plaintiff was a resident of Pikeville at the time it was instituted. The only evidence in the record concerning the residence of the plaintiff is her own testimony to the effect that when she left the defendant's home she left it with the intention of obtaining a divorce and with the intention of making her home with her parents in Harlan. She came directly from Pikeville to the home of her parents and says she did so with the positive intention of making that her residence, and intends to remain there. The

circumstances support this testimony, and we have no difficulty in holding that the plaintiff's residence was in Harlan County at the time the action was filed, and thus the action was properly filed in Harlan County.

It is argued for the defendant that the judgment is erroneous because it makes no provision for the defendant to see the child, Jane Lee, at such times and places as may be convenient to the parties concerned.

It is unnecessary to reverse the judgment for this reason because the defendant has an absolute right to see the child at reasonable times and convenient places, and if this right is refused him by the plaintiff, application may be made to the Harlan Circuit Court at any time to enforce it.

Having determined that the lower court properly granted the divorce it follows that an allowance for alimony is proper. Under any circumstances the defendant is liable for the maintenance of the child. The lump sum of $50 to cover both alimony and maintenance is reasonable under the circumstances, as is also the allowance made on account of the attorney fee.

There being no prejudicial error in the record, the judgment is affirmed.